Matter of Callender (2019 NY Slip Op 04161)





Matter of Callender


2019 NY Slip Op 04161


Decided on May 29, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
VALERIE BRATHWAITE NELSON, JJ.


2018-04786

[*1]In the Matter of David Bancroft Callender, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; David Bancroft Callender, respondent. (Attorney Registration No. 2237550)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Tenth Judicial District and the respondent, David Bancroft Callender, for discipline on consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on December 5, 1988.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.
David Bancroft Callender, Valley Stream, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated April 11, 2018, containing eight charges of professional misconduct. The respondent filed an answer dated May 7, 2018. The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent, and request the imposition of a public censure. As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a joint affirmation and stipulation of facts dated September 27, 2018, in support of the motion. In addition, the respondent has submitted an affidavit sworn to on September 27, 2018, attesting, inter alia, to various mitigating circumstances. By virtue of the stipulation presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute:
In or about October 2016, the respondent agreed to represent Charles Cameron, a resident of the State of Maryland, in connection with a matrimonial matter pending in the Nassau County Supreme Court. The respondent agreed to prepare and file a motion to vacate a previously filed uncontested note of issue and to place Cameron's case on the contested matrimonial calendar. The respondent did not provide Cameron with a statement of client's rights and responsibilities. On October 31, 2016, the respondent filed a notice of appearance in Cameron's matter and obtained a copy of the court file. On November 5, 2016, in an email to Keith Asher, Cameron's attorney in the State of Maryland, the respondent stated that he was "ready to proceed," and that he would forward a retainer agreement to Cameron and "prepare the papers for filing" upon his receipt of a $2,500 retainer fee. On or about November 10, 2016, the respondent received the $2,500 retainer fee in connection with Cameron's matter. The respondent failed to provide Cameron with a written retainer agreement. The respondent did not file any papers with the Nassau County Supreme Court in connection with Cameron's matter.
On December 13, 2016, Asher emailed the respondent on behalf of Cameron to [*2]inquire as to the status of Cameron's matter. The respondent did not reply to Asher's December 13, 2016, email. In an email to the respondent on December 21, 2016, Asher stated, "[a]gain, following up on the Cameron matter. I had emailed you on December 13, 2016, but have not received a response. Could you advise whether the matter was refiled." The respondent did not reply to Asher's December 21, 2016, email. By letter to the respondent dated February 21, 2017, Asher requested a full refund of the $2,500 retainer fee that the respondent had been paid for his representation in Cameron's matter. Between the time the respondent had been retained in November 2016 through the time the respondent's representation was terminated in February 2017, the respondent did not communicate with Cameron or Asher, and he did not provide the legal services for which he was retained.
By correspondence dated March 15, 2017, Asher filed a complaint with the Grievance Committee against the respondent on behalf of Cameron. By letter to the respondent dated April 4, 2017, the Grievance Committee requested a written answer to the Asher complaint within 10 days. The respondent failed to respond to the Grievance Committeee's April 4, 2017, letter. A certified letter mailed to the respondent on June 30, 2017, was returned by the United States Postal Service as "unclaimed." By letter dated August 10, 2017, hand-delivered to the respondent on August 21, 2017, the respondent was requested to submit a written answer to the Grievance Committee within 10 days. The respondent failed to respond to the Grievance Committee's August 10, 2017, letter. By letter dated October 2, 2017, hand-delivered to the respondent on October 11, 2017, demand was made upon the respondent to submit his written answer, along with an explanation for his failure to timely cooperate, within 10 days. The respondent failed to timely respond to the Grievance Committee's October 2, 2017, letter. By telephone on October 23, 2017, the respondent advised the Grievance Committee that his written response would be submitted the following day. The respondent's written answer was not received on October 24, 2017. The respondent failed to return telephone calls placed to him by the Grievance Committee on October 25, 2017, October 27, 2017, and October 30, 2017. The respondent's written answer was received on October 31, 2017. The respondent failed to refund his unearned legal fee to Cameron until in or about December 2017.
As required, the respondent has submitted an affidavit with this motion in which he conditionally admits the foregoing facts, and that those facts establish that he (1) neglected a client's legal matter, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0); (2) failed to act with reasonable diligence and promptness in representing a client, in violation of rule 1.3(a) of the Rules of Professional Conduct (22 NYCRR 1200.0); (3) failed to keep his client reasonably informed about the status of his legal matter, in violation of rule 1.4(a)(3) of the Rules of Professional Conduct (22 NYCRR 1200.0); (4) failed to promptly comply with reasonable requests for information regarding his client's legal matter, in violation of rule 1.4(a)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0); (5) collected a fee in a domestic relations matter without a written retainer agreement being signed by himself and his client setting forth in plain language the nature of the relationship and the details of the fee arrangement, in violation of rule 1.5(d)(5)(ii) of the Rules of Professional Conduct (22 NYCRR 1200.0) and 22 NYCRR 1400; (6) failed to provide a prospective client in a domestic relations matter with a Statement of Client's Rights and Responsibilities, in violation of rule 1.5(e) of the Rules of Professional Conduct (22 NYCRR 1200.0) and 22 NYCRR 1400.3; (7) engaged in conduct prejudicial to the administration of justice by failing to timely cooperate with an investigation by the Grievance Committee, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0); and (8) engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 1.4(a)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent states that he consents to the agreed discipline of a public censure, and that his consent is given freely and voluntarily without coercion or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline, having discussed the consequences with his friends and family.
In mitigation, the respondent asserts, inter alia, that he had prepared a draft retainer agreement with a statement of client's rights and responsibilities, and prepared motion papers as well, but due to an oversight the retainer agreement was not immediately sent to Cameron. The respondent had initially agreed to send a hard copy of the retainer agreement to Cameron, but Cameron indicated that it could be sent as an email attachment. That was not done until several weeks later due to medical problems the respondent was experiencing at the time, which caused him to be away from the office for several weeks. The respondent has refunded to Cameron the retainer fee in full. He regrets and apologizes for the delay.
The parties agree that there are aggravating factors presented, in particular, a prior disciplinary history consisting of four Admonitions, three of which involved neglect of a client matter.
As to the appropriate sanction, the parties contend that the public censure requested is in accord with precedent from this Court under similar circumstances.
Based on the foregoing, we find that the motion for discipline on consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and that a pubic censure is warranted in view of the respondent's admitted misconduct as well as the aggravating and mitigating factors presented herein.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BRATHWAITE NELSON, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent is granted; and it is further,
ORDERED that the respondent, David Bancroft Callender, is publicly censured for his misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court